

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Taylor Carlisle
County Attorney
Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. O-4921
Re: Disqualification of county attorney to prosecute criminal case where he had previously been of counsel to defendant and related matters.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I was appointed County Attorney of Kaufman County by the Commissioners Court on yesterday, after the resignation of the Hon. Fred T. Porter.

"I would like to have your opinion on the following question:

"Prior to my appointment I was employed in several criminal cases which are still pending and I am disqualified, I appointed as my Assistant Hon. Fred J. Meredith, who has been Mr. Porters Assistant, and of course he is not disqualified in any of the cases.

"Where I disqualify in these cases can my Assistant Mr. Meredith prosecute them or will the court have to appoint an attorney in each of the cases to handle the prosecution?

"In this connection I would like to cite Art. 25 Code of Criminal Procedure and the case of Garrett v. State 252 S. W. 527 which is not directly in point but I am unable to find any cases which would apply to the above proposition.

"I would also like to have your opinion on
the question of where a County has had a County
Attorney who prosecuted all criminal cases in all
courts of the County and under an act of the Le-
gislature on application to the Commissioners
court the name was changed to Criminal District
Attorney.

". . . ."

Article 25, Vernon's Annotated Texas Code of Crim-
inal Procedure, reads in part as follows:

"Article 25.  (30) (31)  Duties of district At-
torneys

"Each district attorney shall represent the
State in all criminal cases in the district courts
of his district, except in cases where he has been,
before his election, employed adversely. . . ."
(Underscoring ours)

Section 21 of Article V of our State Constitution
provides in part as follows:

"The county attorneys shall represent the
State in all cases in the District and inferior
courts in their respective counties; but if any
county shall be included in a district in which
there shall be a district attorney, the respect-
ive duties of district and county attorneys shall
in such counties be regulated by the Legislature."

Kaufman County has no district attorney and its
county attorney represents the State in the district and in-
ferior courts.

The case of Garrett v. State, 252 S. W. 527, cited
by you, is authority for the proposition that a district at-
torney is disqualified from prosecuting a person by whom he
was previously employed to defend.

We have not been able to find any statute specific-
ally prohibiting a county attorney from prosecuting in a case,

where before his election, he had been employed adversely. However, it is an ancient canon of legal ethics that no attorney shall represent adverse or conflicting interests. It is against public policy for a county attorney to prosecute in a case where he had been employed adversely prior to his election, irrespective of the absence of a prohibitory statute, and we think the courts would so hold.

We therefore think that you have very properly recused yourself in such cases.

An assistant county attorney has authority to take affidavits in his name as assistant county attorney. See Dane v. State, 35 S. W. 661; Kelley v. State, 38 S. W. 39; Moore v. State, 38 S. W. 209; Copeland v. State, 38 S. W. 210, and Haley v. State, 224 S. W. 771.

The case of Davis v. State, 58 S. W. (2) 89, holds that an assistant county attorney is fully authorized to conduct a criminal prosecution in the name of the State of Texas.

Article 31, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"Art. 31. (38) (39) Attorney pro tem

"Whenever any district or county attorney fails to attend any term of the district, county or justice's court, the judge of said court or such justice may appoint some competent attorney to perform the duties of such district or county attorney, who shall be allowed the same compensation for his services as is allowed the district attorney or county attorney. Said appointment shall not extend beyond the term of the court at which it is made, and shall be vacated upon the appearance of the district or county attorney."

The case of State v. Lackey, 35 T. 357, holds that an attorney pro tem. appointed by the court has all the powers and duties of the regular prosecuting attorney.

The above quoted provisions of Article 25, V. A. C. C. P., were undoubtedly enacted for the purpose of keeping

510

prosecuting attorneys impartial and to see that neither the defendant nor the state are deprived of constitutional or statutory rights and was intended not only to restrain the offer of illegal or confidential evidence or violation of orderly rules of procedure by prosecuting officers, but also to require their recusation in those cases in which their interests may be such as to cause them to sacrifice impartial justice to personal advantage. A prosecuting attorney is under a duty to see that no innocent man suffers and that no guilty man escapes.

We have not been able to find any authorities on your first question. While the question is difficult it is our opinion that the assistant county attorney would not be disqualified from conducting the prosecutions if given a free and untrammelled hand in the matter under the facts stated and in the absence of receiving any illegal or improper disclosures from the county attorney and in the absence of any interference from the county attorney with respect to the conduct of the trial.

However, it is our opinion that the safer and more desirable thing to do would be for the court to appoint an attorney pro tem. to prosecute the cases.

Your second question is answered by opinion No. O-5024 of this department, a copy of which is enclosed herewith.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:mp
Encl.

APPROVED JAN 29, 1943

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE